**FILED**
**U.S. District Court**
**District of Kansas**
07/20/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

PIERRE QUARAN HAMILTON,

        Petitioner,

    v.                       CASE NO. 26-3221-JWL

GLORIA GEITHER,

        Respondent.

## MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner Pierre Quaran Hamilton, a state prisoner incarcerated at Lansing Correctional Facility ("LCF") in Lansing, Kansas. With his petition, Petitioner filed a motion for leave to proceed in forma pauperis, but he did not attach the account certificate required to support the motion. (Doc. 2.) Thus, on July 8, 2026, the Court issued a notice of deficiency that quoted Local Rule 9.1(g)(2)(A), which provides:

> "Where a petitioner . . . is an inmate of a penal institution and desires to proceed without prepayment of fees, he or she must also submit a certificate executed by an authorized officer of the institution in which he or she is confined. The certificate must state the amount of money or securities on deposit to his or her credit in any account in the institution."

(Doc. 3, p. 1 (quoting D. Kan. Rule 9.1(g)(2)(A)).)

The notice of deficiency granted Petitioner until and including August 7, 2026 to submit the certificate. (Doc. 3.) On July 16, 2026, Petitioner filed a handwritten motion to proceed in forma pauperis. (Doc. 6.) Like the first motion to proceed in forma pauperis, no financial certificate was attached. *Id.* Before this Court will consider granting Petitioner leave to proceed in forma pauperis in this case, Petitioner must submit the certificate required by Local Rule 9.1(g)(2)(A).

1

The deadline set in the notice of deficiency to do so remains in effect.

Also before the Court is a motion which the Court liberally construes as a motion to substitute respondent. (Doc. 5.) When Petitioner began this case, Gloria Geither was Warden of LCF, so she was the proper respondent. *See* Rule 2(a), 28 U.S.C. foll. § 2254 (stating that "the state officer who has custody" is proper respondent to federal habeas petitions by state prisoners). In the motion now before the Court, Petitioner states that Nicholas Ball has recently been named Warden of LCF and Petitioner asks that the appropriate substitutions be made. *Id.* Rule 25(d) of the Federal Rules of Civil Procedure states that "when a public officer who is a party in an official capacity . . . ceases to hold office whole the action is pending[, t]he officer's successor is automatically substituted as a party." Fed. R. Civ. P. 25(d). "The Court may order substitution at any time." *Id.* Accordingly, the motion to substitute will be granted.

**IT IS THEREFORE ORDERED** that Petitioner remains obligated to submit, on or before **August 7, 2026**, the account certificate required to support his motions for leave to proceed in forma pauperis.

**IT IS FURTHER ORDERED** that the motion to substitute (**Doc. 5**) is **granted**. It is ordered that Nicholas Ball, Warden of Lansing Correctional Facility, where Petitioner is confined, is substituted as Respondent in this matter.

**IT IS SO ORDERED.**

DATED:   This 20th day of July, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge