FILED
U.S. District Court
District of Kansas
08/11/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**PIERRE QUARAN HAMILTON,**

**Petitioner,**

**v.** **CASE NO. 26-3221-JWL**

**NICHOLAS BALL,**

**Respondent.**

## MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and state prisoner Pierre Quaran Hamilton, who is currently incarcerated at Lansing Correctional Facility in Lansing, Kansas. Petitioner has been granted leave to proceed in forma pauperis. (Doc. 13.) The Court has conducted the review of the petition required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will be granted time in which to file an amended petition that cures the deficiencies identified below.

### Background

Petitioner and this Court are familiar with the events that led to Petitioner's convictions in the District Court of Wyandotte County, Kansas and those facts need not be repeated in detail here. For now it is sufficient to note that in 2024, Petitioner was criminally convicted in the state court and sentenced to 154 months in prison. (Doc. 1, p. 1.) Petitioner pursued a direct appeal but voluntarily dismissed his appeal before the Kansas Court of Appeals issued an opinion. *See Hamilton v. Kansas*, 2026 WL 868772, *2 (D. Kan. Mar. 30, 2026) (unpublished).

Petitioner also has repeatedly asked this Court to grant him relief from the 2024 convictions and sentences. *See Hamiton v. Geither*, Case No. 26-3056-JWL, 2026 WL 1035036, *1-3 (D. Kan. Apr. 16, 2026) (unpublished) (dismissing without prejudice for lack of exhaustion a 28 U.S.C. §

2254 action challenging the 2024 convictions); *Hamilton v. Geither*, Case No. 25-3126-JWL, 2025 WL 2606594, *1-3 (D. Kan. Sept. 9, 2025) (unpublished) (same); *Hamilton v. Unified Govt. of Kan. City, Kan.*, Case No. 25-3125-JWL, 2025 WL 2531835, *1 (D. Kan. Sept. 3, 2025) (unpublished) (noting that some of the claims in Petitioner's civil rights action "called into question the lawfulness of his convictions" and addressing his "'Motion to Invalidate Convictions'"); *Hamilton v. Wyandotte County Dist. Ct.*, Case No. 25-3115-JWL, 2025 WL 1707399, *3-4 &n.1 (D. Kan. June 18, 2025) (unpublished) (noting in a civil rights action that Petitioner sought his release and the reversal of the state-court convictions); *Hamilton v. Wyandotte County Dist. Ct.*, Case No. 25-3098-JWL, 2025 WL 1591982, *6 (D. Kan. June 5, 2025) (unpublished) (same).

Petitioner began this federal habeas case on July 8, 2026, by filing a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) Highly summarized, the petition filed in this case challenges Petitioner's 2024 state-court convictions. *Id.* at 1. It includes three grounds for relief, which will be discussed in more detail later in this order, and asks this Court to order Petitioner's immediate release, vacate his sentences with prejudice, and expunge his criminal record. *Id.* at 25, 51-54, 59. As noted above, the Court granted Petitioner leave to proceed in forma pauperis in this case. (Doc. 13.) The Court has now conducted the initial review required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**Rule 4 Standards of Review**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Because Petitioner is proceeding pro se, the Court liberally construes the pleading, but it

may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

**Analysis**

Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts provides:

> The petition must:
>
> (1) specify all the grounds for relief available to the petitioner;
>
> (2) state the facts supporting each ground;
>
> (3) state the relief requested;
>
> (4) be printed, typewritten, or legibly handwritten; and
>
> (5) be signed under penalty of perjury by the petitioner or a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

The United States Supreme Court has explained that "[a] prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the [respondent] should be ordered to 'show cause why the writ should not be granted'" or whether the petition should be summarily dismissed under Habeas Corpus Rule 4. *See Mayle v. Felix*, 545 U.S. 644, 656 (2005) (citation omitted). "If the court orders the [respondent] to file an answer, that pleading must 'address the allegations in the petition.'" *Id.* (citation omitted). This requires the allegations to be clear enough that the respondent will be able to address them.

To assist petitioners in meeting the requirements of Rule 2(c), form petitions are required. Requiring the use of the form "aids the court by requiring petitioners to set forth each individual

claim, the supporting facts, and the facts relating to exhaustion" and the failure to use the form as instructed "prevents this court from readily determining the basis of [a petitioner's] claims and whether they have been properly exhausted." *See Justice v. Meyer*, 2020 WL 7481673, *2 (D. Kan. Oct. 15, 2020) (unpublished) (citing *Smith v. Sedgwick Cty. Dist. Court*, 244 F. App'x 199, 200 (10th Cir. 2007)).

The Court first notes that Petitioner used the required form, but interjected attachments and additional pages throughout the form, turning the 14-page form into a 59-page document. (*See* Doc. 1.) Moreover, although some of the attached pages appear to be related to Petitioner's efforts to exhaust his claims in state court, their purpose is not clear. This Court will not construct an argument on Petitioner's behalf based on information in, for example, receipts for postage charges, inmate requests to staff members, or letters from the state courts to Petitioner. *See, e.g.*, *id.* at 19-22, 30-35.

Moreover, portions of the form appear to have been filled out for Petitioner's previous efforts in this Court and not updated. Page 57 of the petition, for example, asks whether "any petition or appeal [is] now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging." *Id.* at 57. Petitioner answered the question affirmatively and, in the space for providing additional details about the pending proceeding, stated: "According to KDOC mail [illegible] response. See: Exhibit A(1) my KSA 60-1501 has been mailed [and] should be [at] the Kan. Sup. Ct. by now being 3-16-26 so IDK[.]" (Doc. 1, p. 57 (all errors in original).) This page is exactly the same as the corresponding page in the § 2254 petition Petitioner filed on March 19, 2026 in case number 26-3056-JWL. By the time Petitioner filed the current petition on July 8, 2026, he likely had more current information about the K.S.A. 60-1501 action he mailed in March 2026, yet the current petition reflects no updated information. All of

this muddles the procedural posture of the current case and any related proceedings in other courts.

The pages Petitioner has added to the form petition also do not clarify the specific grounds he intends to argue as the basis for his request for federal habeas relief. Petitioner has filled out the portions of the required form for Ground One, Ground Two, and Ground Three. (Doc. 1, p. 25, 51-54.) As Ground One, Petitioner broadly asserts a Sixth Amendment violation, as well as the violation of the Fourteenth Amendment's guarantees of

> Due Process [and] Equal Protection of Laws w[ith] Illegal Imprisonment w[ith] Unconstitutional "Void" Journal Entry [and] the "Void Journal Entry" resulting in illegal/unconstitutional imprisonment is an atrocity by [th]e Hon. J.L. Myeerrrsss [the] "Mademoiselle" as the[] "Void Journal Entry" cannot be legally enforced w[ith] illegal authority . . . The[ Sixth] Amend[ment] violation in this matter has led to illegal conviction, sentencing [and] illegal imprisonment due to (((Fair Trial Right))) violation by the "Bias [and] Prejudice" Hon. J.L. Myeerrrssss [the] "Mademoiselle[.]"

(Doc. 1, p. 25 (all errors in original).) Ground One also refers the reader to "Exhibit 2, pg. 1st claim for relief." *Id.* (all errors in original).

The next page of the petition is titled as "Attachments" to the petition—not as "Exhibit 2"—and it and the following 2 pages consist of arguments related to "Ground One," "Ground One(a)," and "Ground One(b)." *Id.* at 26-28. There is an "Exhibit 2" contained within the petition, but it is a copy of a 6-page motion for state habeas relief under K.S.A. 60-1501, captioned for filing in the Kansas Supreme Court. *Id.* at 5-10. The portion of this motion's Ground One similarly refers the reader to additional exhibits and does not succinctly identify the facts on which Petitioner sought state habeas relief from the Kansas Supreme Court or on which he now seeks federal habeas relief from this Court. *Id.*

In short, the Court cannot determine the precise basis of Petitioner's claims in Ground One. The Court therefore cannot conclude that Ground One should pass the initial Rule 4 screening. Additionally, the Court is not confident that Respondent would be able to understand the

arguments in Ground One and respond to them if the Court were to order Respondent to file an answer.

Grounds Two and Three of the petition now before this Court are no clearer. In the space for setting forth Ground Two, Petitioner writes: "XIV Amend. Due Process Violation [and] Equal Protection of Laws Violation[.]" (Doc. 1, p. 51.) He asks the Court to "construe (Ground One) as 3 in 1 or VI Amend Violation for the aforementioned. *See*: Exhibit 2, pp. 3-4, 2nd Claim for Relief." *Id.* As supporting facts for Ground Two, Petitioner alleges: "I was coerced into trial w[ith] an attorney/stand by attorney I clearly [and] unequivocally did NOT want. *See* Exhibit 2, pg. 3-4, 2nd claim for relief." *Id.* The referenced pages do not clarify the arguments Petitioner seeks to raise in Ground Two of his federal habeas petition, nor do they provide facts to support Petitioner's claims of due process or equal protection violations.

Ground Three generally alleges the violation of Petitioner's constitutional right to a fair trial based on a bias and prejudice on the part of the state district judge. (Doc. 1, p. 53.) As supporting facts, Petitioner points to "all of the aforementioned" and the third claim for relief in his 60-1501 motion, found on pages 4 to 5 of Exhibit 2. The referenced pages contain conclusory assertions of a "void journal entry" based on "an illegal sentencing" resulting from "an illegal conviction," and refer the reader to other exhibits and pages. (Doc. 1, p. 8-9.)

As with Ground One, the Court cannot determine the precise basis of Petitioner's claims in Grounds Two or Three. The Court therefore cannot conclude that Grounds Two or Three should pass the initial Rule 4 screening, nor is the Court confident that Respondent would be able to understand the arguments in Grounds Two or Three and respond to them if the Court were to order Respondent to file an answer. Thus, the petition in this case fails to comply with Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts and it is subject to

dismissal. Rather than immediately imposing such a harsh consequence however, Petitioner will be given time in which to file an amended petition that clarifies his asserted Grounds for relief and complies with Rule 2(c).

**Conclusion**

The Court has begun the required initial Rule 4 review of petition and concludes that Ground Three and parts of Grounds One and Two fail to comply with Rule 2(c) and are subject to dismissal. Petitioner will be granted time in which to file a complete and proper amended petition that complies with Rule 2(c). The Court will direct the clerk to send Petitioner the appropriate form and, if Petitioner wishes to do so, he may submit a complete and proper amended petition containing the claims for which relief may be sought under 28 U.S.C. § 2254. If Petitioner submits an amended petition, it must be on the court-approved forms and must be complete in and of itself; it may not refer back to an earlier version of the petition or attempt to incorporate by reference other filings with this Court. Any grounds for relief not included in the amended petition will not be considered before the Court. Petitioner must include the case number of this action (26-3221) on the first page of the amended petition.

Petitioner may attach additional pages to the court-required form if necessary, but he should refrain from using attachments as a substitute for explaining information required on the form. Put another way, Petitioner should not answer questions on the required form simply by referring the reader to attached pages. Instead, Petitioner must set forth the information required by the form in the appropriate section of the form itself or, if more space is necessary, Petitioner may attach additional pages, but he must clearly label any and all attachments so that it is easily discernible what part of the form they supplement.

Petitioner should not attempt to incorporate by reference in the amended petition the initial

petition or documents filed in other cases he has pursued in this Court. Similarly, he should not rely upon the Court's knowledge of his previous cases when preparing the amended petition. The amended petition must comply with Rule 2(c) when examined as an independent document. It must contain claims and allegations sufficient to allow the Court to determine whether Respondent should be ordered to answer *and* it must contain claims and allegations sufficient to allow Respondent to answer the amended petition if the Court so orders.

If Petitioner timely files an amended petition, the Court will review the amended petition under Rule 4 and issue further orders as necessary. If Petitioner fails to timely file an amended petition, the Court will dismiss this case without prejudice for failure to comply with Rule 2(c).

**IT IS THEREFORE ORDERED** that Petitioner is granted until and including **September 15, 2026**, to submit a complete and proper amended petition that complies with this order. The clerk is directed to send to Petitioner the required forms for filing an amended petition.

**IT IS SO ORDERED.**

DATED: This 11th day of August, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge