FILED
U.S. District Court
District of Kansas
08/24/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**PIERRE QUARAN HAMILTON,**

**Petitioner,**

**v.** **CASE NO. 26-3221-JWL**

**NICHOLAS BALL,**

**Respondent.**

**MEMORANDUM AND ORDER**

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner Pierre Quaran Hamilton, a state prisoner incarcerated at Lansing Correctional Facility in Lansing, Kansas. The controlling petition in this matter is the amended petition, filed on August 20, 2026. (Doc. 15.) Petitioner seeks federal habeas relief from his 2024 convictions of second-degree murder and mistreatment of a dependent adult or elder and the 154-month prison sentence imposed for those convictions. (Doc. 15, p. 1.) In the amended petition, he asserts two grounds for relief. As Ground One, Petitioner asserts the violation of his constitutional rights to due process, equal protection, and effective assistance of counsel based on the entry of a void journal entry by the state district court. *Id.* at 5. As Ground Two, Petitioner claims that the evidence against him showed that he should not have been convicted and that the trial judge was biased against him and he argues that these alleged facts show violations of his rights under the Fifth and Fourteenth Amendments. *Id.* at 8-10. He asks this Court to order his release, vacate his convictions and sentences, expunge his record, and award him money damages.[1] *Id.* at 18.

[1] Petitioner's requests for money damages and the expungement of his criminal record are subject to dismissal because neither money damages nor expungement are available as relief in a federal habeas case brought by a state prisoner. *See Preiser v. Rodriguez*, 411 U.S. 486, 494 (1973) ("in the case of a damages claim, habeas corpus is not an appropriate or available federal remedy"); *See* K.S.A. 22-2410 (placing expungement of state criminal record within

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. The Court has begun the Rule 4 review of the amended petition and concludes that a limited Pre-Answer Response ("PAR") is appropriate. *See Wood v. Milyard*, 566 U.S. 463, 467 (2012); *Denson v. Abbott*, 554 F. Supp. 2d 1206 (D. Colo. 2008). Accordingly, the Court directs Respondent to file a PAR limited to addressing the timeliness of this case and the affirmative defenses of failure to exhaust, procedural default, and anticipatory procedural default. If Respondent does not intend to raise these defenses in this matter or with a respect to a particular ground asserted, Respondent shall notify the Court of that decision in writing in the PAR. Respondent should submit to the Court with the PAR copies of any state-court records on which he relies in his PAR.

After the Court receives and reviews the PAR, the Court will allow Petitioner time to respond to any assertions therein that this matter was untimely filed or that any grounds for relief in the amended petition are not exhausted, are procedurally defaulted, or are subject to anticipatory procedural default. The Court does not anticipate any additional filings by Petitioner until after the PAR has been received by the Court and reviewed.

**IT IS THEREFORE ORDERED** that Respondent is granted to and including **October 26, 2026** in which to file a Pre-Answer Response that complies with this order. The clerk of this Court shall transmit copies of this order to Petitioner and to the office of the Attorney General for the State of Kansas. Upon receipt of the PAR, if it raises any affirmative defenses or argues that

---

the purview of the state district courts); Fed. R. Civ. P. 65(d)(2) (listing parties bound by federal court's injunctive orders and not including state court systems).

this matter was untimely filed, the Court will set a deadline for Petitioner to respond to the PAR. Until that time, the Court does not anticipate any filings from Petitioner.

**IT IS SO ORDERED.**

DATED: This 24th day of August, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge