**FILED**
U.S. District Court
District of Kansas
11/17/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**PIERRE QUARAN HAMILTON,**

**Petitioner,**

**v.** **CASE NO. 26-3221-JWL**

**NICHOLAS BALL,**

**Respondent.**

**MEMORANDUM AND ORDER**

This pro se habeas corpus action filed pursuant to 28 U.S.C. § 2254 by Petitioner and state prisoner Pierre Quaran Hamilton comes now before the Court on Petitioner's "Motion for Leave to File a[] Cross[-]Appeal [and/or] Counter[c]laim [*sic*]." (Doc. 28.) In the motion, Petitioner seeks to initiate a civil rights action under 42 U.S.C. § 1983 within this habeas action so that the cases will run concurrently. *Id.* at 1. Confident that he will obtain his release from prison in this federal habeas action, Petitioner seeks to ensure that he has immediate post-release access to the damages he is equally confident he is entitled to under 42 U.S.C. § 1983. *Id.* To his motion, he has attached a complaint intended to initiate his § 1983 action. (Doc. 28-1.)

The motion will be denied. It is procedurally improper for Petitioner to initiate a § 1983 action via a filing made in this federal habeas case. Although the Court could direct the clerk to file the complaint attached to the motion as a new civil rights action, it will not do so because the complaint would be subject to immediate dismissal. As this Court has repeatedly explained to Petitioner:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence *has been* reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination,

or called into question by a federal court's issuance of a writ of habeas corpus.

*Hamilton v. Unified Govt. of Kan. City, Kan.*, 2025 WL 2719802, at *4 (D. Kan. Sept. 24, 2025) (unpublished) (emphasis added) (quoting *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), and citing a prior order in the same case that also discussed *Heck*).

In an order issued in June 2025 in another case brought by Petitioner, this Court similarly quoted *Johnson v. Spencer*, 950 F.3d 680, 692 (10th Cir. 2020), in which the Tenth Circuit recognized the United States Supreme Court's holding in *Heck* "'that prisoners *may not bring* a § 1983 action that calls into question the lawfulness of their conviction *until the conviction has been invalidated*.'" *Hamilton v. Wyandotte Cnty. Dist. Ct.*, 2025 1591982, at *5 (D. Kan. June 5, 2025) (unpublished) (emphasis added). This remains controlling law.

Broadly speaking, the complaint attached to Petitioner's motion seeks $750,000,000.00 based on claims that Petitioner's convictions and imprisonment were unconstitutional and that the violations of his rights either directly or indirectly caused the death of his son. (Doc. 28-1, p. 5-7.) Until and unless Petitioner's convictions are invalidated, he may not bring a § 1983 action that seeks money damages because his convictions allegedly were unlawful. In other words, Petitioner's convictions must be invalidated *before* he may bring a § 1983 action that calls into question the lawfulness of the convictions.

**IT IS THEREFORE ORDERED** that the motion (**Doc. 28**) is **denied.**

**IT IS SO ORDERED.**

DATED: This 17th day of November, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge